UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

BRENDA SOAPE                                    CASE NO.  6:24-CV-00055

VERSUS                                          JUDGE ROBERT R. SUMMERHAYS

WALMART INC                                     MAGISTRATE JUDGE DAVID J. AYO

## MEMORANDUM RULING

Presently before the Court is the Motion for Summary Judgment [ECF No. 16] filed by Walmart, Inc. ("Walmart"). Plaintiff has filed an Opposition to the Motion. While Plaintiff titles the pleading an Opposition to the Motion, the pleading essentially concluded that if the Court follows existing law, "it should grant defendant's motion."[1] As the Court agrees that the law favors Walmart, the Court will grant the Motion.

## I.
### BACKGROUND

On December 27, 2022, the plaintiff, Brenda Soape, went to the Creswell Lane Wal-Mart location in Opelousas, Louisiana with her husband.[2] After they had finished shopping and were waiting in line to check out their groceries, Plaintiff realized that they had forgotten to grab a loaf of bread.[3] While Plaintiff's husband remained in line, Plaintiff walked over to the bread aisle to grab a loaf of bread.[4] As she was walking down the bread aisle, she slipped.[5]

---

[1] ECF No. 18-1.
[2] ECF No. 1-4 - Plaintiff's Petition for Damages, ¶ 4-5; ECF No. 16, Exhibit A – Deposition of Brenda Soape; page 46, lines 2-6.
[3] ECF No. 16, Ex. A – Depo. of B. Soape; page 46, lines 12-16
[4] *Id.*, at page 46, lines 21-25.
[5] *Id.*, at page 46, lines 23-25, page 47, lines 1-3.

Plaintiff alleges that she slipped and fell on an "excessively slick" floor in the bread aisle.[6] Plaintiff saw no wetness or any other hazardous condition on the floor in the area where she fell either before, or after her fall.[7] She does not know what she slipped in or what caused her to fall.[8] After the accident, she does not recall hearing anyone say anything about what caused her to fall.[9] Further, she cannot describe the size, shape, or color of any hazard and has no evidence regarding how long any hazardous condition may have been present.[10] While Plaintiff's husband, Jackie Soape, also testified, he was not present at the time of the accident and when he went to find Plaintiff after her accident, he did not pay any attention to the floor of the bread aisle and cannot provide any insight as to whether a hazardous condition existed on the bread aisle at the time of Plaintiff's fall.[11] Plaintiff has only speculated that the floor must have been "slick" because she believes it had been waxed at some point prior to her fall.[12]

She speculates that the floors must have been waxed at some time prior to her fall and that the waxing must have caused her to slip and fall because in April 2023, almost four months after her fall, an employee told Plaintiff that the floors of the store had been waxed around Christmastime.[13] However, Plaintiff does not know whether the floor was actually waxed, and, if it was, whether the allegedly waxed floor was the cause of her fall.[14] Plaintiff testified that she cannot say how any hazardous condition ended up on the floor, nor can she describe its color, shape, or the length of time it was present, which confirms her inability to prove that the floor of

---

[6] ECF No. 1-4 - Petition, ¶ 4, 7-8.
[7] ECF No. 16, Exhibit A -  Depo. of B. Soape; page 50, lines 4-21.
[8] Id., page 50, lines 22-25, page 51, lines 1-8.
[9] Id., page 57, lines 20-23.
[10] Id., page 57, lines 16-19, 24-25, page 58, lines 1-6, page 62, lines 13-18.
[11] ECF No. 16, Exhibit D – Deposition of Jackie Soape, page 9, lines 4-16.
[12] ECF No. 16, Ex. A – Depo. of B. Soape; page 55, lines 10-25, page 56, lines 1-25, page 57, line 1.
[13] Id., page 53, lines, 13-25, page 54, lines 1-11.
[14] Id., page 56, lines 2-9.

the bread aisle was hazardous before Plaintiff walked down the aisle, or that Wal-Mart had actual or constructive notice of this alleged condition at the trial of this matter.[15]

Co-Manager and Store Lead, Travis Riggs, stated in his affidavit that there was nothing present on the floor in the area where Plaintiff fell.[16] Mr. Riggs further stated that he was specifically in charge of scheduling the waxing crew at the time of Plaintiff's fall in 2022.[17] Due to the high customer traffic during the holiday season, he did not schedule anyone to wax the floor right before the Thanksgiving holidays, and the floors were not waxed anytime from November 1, 2022 until after January 1, 2023.[18] Accordingly, the floors had last been waxed over a month before Plaintiff's fall.[19]

Lawrence Reed, the employee Plaintiff claimed told her four months after her accident in April 2023 they waxed the floor during Christmastime, testified that in his 22 years at Walmart, he had never waxed the floors.[20] Rather, Plaintiff saw Mr. Reed using a scrubber machine which shoots out water to clean the floor and thought he was waxing the floor four months after her accident.[21] In truth in fact, Mr. Reed is a maintenance employee.[22] The scrubber does not wax the floor, the Scrubber only shoots out water.[23] No wax is ever put in the scrubber.[24] Mr. Reed testified he would have no knowledge of when the floors had been waxed and stated that the store lead,

---

[15] *Id.*, page 57, lines 16-25, page 58, lines 1-11, page 62, lines 13-18.
[16] ECF No. 16, Exhibit B – Affidavit of Travis Riggs with attached statements.
[17] *Id.*
[18] *Id.*
[19] *Id.*
[20] ECF No. 16, Exhibit E – Depo. Lawrence Reed, Jr.
[21] *Id.*, p. 9.
[22] *Id.*, p. 7.
[23] *Id.*, p. 18-19.
[24] *Id.*

Travis Riggs, would know that information.[25] He testified he had no clue if the floors were waxed or not waxed in November or December 2022.[26]

## II.
### SUMMARY JUDGMENT STANDARD

"A party may move for summary judgment, identifying each claim or defense–or the part of each claim or defense–on which summary judgment is sought."[27] "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[28] "A genuine issue of material fact exists when the evidence is such that a reasonable jury could return a verdict for the non-moving party."[29] As summarized by the Fifth Circuit:

> When seeking summary judgment, the movant bears the initial responsibility of demonstrating the absence of an issue of material fact with respect to those issues on which the movant bears the burden of proof at trial. However, where the nonmovant bears the burden of proof at trial, the movant may merely point to an absence of evidence, thus shifting to the non-movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial.[30]

When reviewing evidence in connection with a motion for summary judgment, "the court must disregard all evidence favorable to the moving party that the jury is not required to believe, and should give credence to the evidence favoring the nonmoving party as well as that evidence supporting the moving party that is uncontradicted and unimpeached."[31] "Credibility determinations are not part of the summary judgment analysis."[32] Mere conclusory allegations are

---

[25] *Id.*, pp. 20-21.
[26] *Id.*, pp. 20-22.
[27] Fed. R. Civ. P. 56(a).
[28] *Id.*
[29] *Quality Infusion Care, Inc. v. Health Care Service Corp.*, 628 F.3d 725, 728 (5th Cir. 2010).
[30] *Lindsey v. Sears Roebuck and Co.*, 16 F.3d 616, 618 (5th Cir.1994) (internal citations omitted).
[31] *Roberts v. Cardinal Servs.*, 266 F.3d 368, 373 (5th Cir.2001); *see also Feist v. Louisiana, Dept. of Justice, Office of the Atty. Gen.*, 730 F.3d 450, 452 (5th Cir. 2013) (court must view all facts and evidence in the light most favorable to the non-moving party).
[32] *Quorum Health Resources, L.L.C. v. Maverick County Hosp. Dist.*, 308 F.3d 451, 458 (5th Cir. 2002).

not competent summary judgment evidence, and they are therefore insufficient to defeat or support a motion for summary judgment.[33] Rule 56 "mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof."[34]

### III.
### LAW AND ANALYSIS

**A. Plaintiffs' Claims against Walmart.**

The Louisiana Merchant Liability Act supplies the relevant standard of care in the present case:

> A. A merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage.
>
> B. In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following:
>
> (1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.
>
> (2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.
>
> (3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.[35]

---

[33] *Topalian v. Ehrman*, 954 F.2d 1125 (5th Cir. 1992).
[34] *Patrick v. Ridge*, 394 F.3d 311, 315 (5th Cir. 2004) (alterations in original) (quoting *Celotex v. Catrett*, 477 U.S. 317, 322 (1986)).
[35] La. R.S. 9:2800.6.

Walmart first asserts that Plaintiff has failed to establish the existence of a hazardous condition. Plaintiff contends that although she did not see any substance or debris on the floor before or after her accident, she fell due to the floor being "slick."[36] However, she has provided no evidence that there was any hazardous condition on the floor at the time of her accident. Instead, Plaintiff provides mere speculation that the floors must have been waxed at some time before her fall which caused her to fall, because a Wal-Mart employee allegedly told her almost four months after her fall that the floors had been waxed around Christmastime.[37] The evidence in the record, however, reflects that the floors were not waxed at any time around the time of Plaintiff's fall.[38]

Louisiana courts have consistently held that a shiny appearance of a floor is insufficient to establish a hazardous condition.[39] Plaintiff has provided no evidence whatsoever of the existence of any hazardous condition on the floor where she fell. Her speculation that the floor must have been slippery because it had been waxed is not only speculation which is insufficient to create a genuine issue of material fact but has been rebutted by the actual evidence in the record. The Court finds that there is no evidence in the record to establish a hazardous condition.

Even if Plaintiff could establish the presence of a hazardous condition, her case would also fail because she cannot establish that Walmart either created or had actual or constructive notice of a hazardous condition as required under the Louisiana Merchant Liability Act. La. R.S. 9:2800.6 provides that the plaintiff shall have the burden of proving, in addition to all other elements of their cause of action, that the merchant either (1) created the condition that caused the damage or had

---

[36] ECF No. 1 –Petition, ¶ 6-7; ECF No. 16, Exhibit A – Deposition of B. Soape, page 58, lines 19-25, page 59, lines 1-16.

[37] ECF No. 16, Exhibit A – Depo. of B. Soape; page 53, lines, 13-25, page 54, lines 1-11, page 55, lines 10-25, page 56, lines 1-25, page 57, line 1.

[38] ECF No. 16, Exhibit B, Affidavit of Travis Riggs.

[39] *Neal v. Players Lake Charles, LLC. et al.* (La. App. 3d Cir. 6/6/01), 787 So. 2d 1213; *Weber v. Ray Brandt Nissan, Inc.* (La. App. 4th Cir. 8/18/04), 880 So. 2d 999; *Kinchen v. J.C. Penny Company, Inc., et al,* 426 So. 2d 681 (La. App. 1st Cir. 1982);

(2) actual or (3) constructive knowledge of the condition prior to the occurrence, and failed to exercise reasonable care.[40] The statute goes on to define constructive notice. "Constructive notice" means:

> The claimant has proven that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care. The presence of an employee of the merchant in the vicinity in which the condition exists does not, alone, constitute constructive notice, unless it is shown that the employee knew, or in the exercise of reasonable care should have known, of the condition.[41]

There is no evidence in the record to indicate that Walmart created any hazardous condition nor that they were aware of any such condition. Finally, as Plaintiff cannot establish the presence of any hazardous condition, she cannot establish that such condition existed for a period of time that Walmart would have discovered it if they had exercised reasonable care.

Accordingly, and as acknowledged by Plaintiff in her response to Walmart's Motion, Plaintiff cannot establish the requisite elements to establish her case. As such, Walmart's Motion for Summary Judgment is GRANTED and Plaintiff's claims are DISMISSED.

THUS DONE in Chambers on this 14th day of April, 2025.

ROBERT R. SUMMERHAYS
UNITED STATES DISTRICT JUDGE

---

[40] *White v. Wal-Mart Stores, Inc.*, 699 So.2d 1081 (La. 1997); *Kennedy v. Wal-Mart Stores, Inc.*, 733 So.2d 1188 (La. 1999); and *Babin v. Winn-Dixie Louisiana, Inc.*, 764 So.2d 37 (La. 2000).
[41] La. R.S. 9:2800.6.